IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL CURTIS REYNOLDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 23-cv-867-NJR |
| | ) |
| UNITED STATES PROBATION OFFICE and USA, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Michael Curtis Reynolds, an inmate of the Federal Bureau of Prisons ("BOP") who is currently incarcerated at Federal Correctional Institution – Greenville ("FCI – Greenville"), brings this action pursuant to the Privacy Act 5 U.S.C. § 552a, *et seq.*. In the Complaint,[1] Reynolds alleges that the United States Probation Office failed to maintain correct records regarding his previous convictions (Doc. 1). Specifically, Reynolds maintains that prior convictions, a 1975 attempted arson conviction (which Reynolds alleges was an "illegal conviction") and two 1995 assault on police officer convictions should be erased from his permanent records (*Id*. at p. 1). He seeks injunctive relief in the form of an order directing the Probation Office to correct his PSR and all files indicating that he was convicted of a crime of violence (*Id*. at p. 76). In a subsequent

---

[1] The Court notes that Reynolds has not filed a formal Complaint. Instead, he filed a letter (Doc. 1) and attached a motion (Doc. 1, pp. 2-8) under the Privacy Act seeking to correct records held by the Probation Office.

1

motion for preliminary injunction, Reynolds seeks an order barring the BOP, Probation Office, or any court from considering the two prior convictions and to correct any documents, including prison classifications, which rely on those past convictions (Doc. 6, p. 2).

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

### *In Forma Pauperis* Motion

Section 1915(g) prohibits a prisoner from bringing a civil action or appealing a civil judgment *in forma pauperis* ("IFP"), "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g). Although Reynolds failed to disclose his prior litigation history, a review of documents filed in the electronic docket of this Court and on the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov) reveals that Reynolds has had at least three cases which were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See Reynolds v. Lackawanna County Prison, et al.*, Case No. 06-cv-

2

1190-JFM-JVW, at Doc. 10 (M.D. Pa. July 7, 2006); *Reynolds v. U.S. Attorney's Office, et al.*, Case No. 06-cv-1753-JFM-JVW, at Doc. 7 (M.D. Pa. Sept. 11, 2006); *Reynolds v. Kosik, et al.*, Case No. 06-cv-2466-JFM-JVW, at Doc. 10 (M.D. PA. Jan. 18, 2007).

Thus, Reynolds has accumulated three "strikes" for purposes of Section 1915(g) and cannot proceed IFP unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

"Imminent danger" within the meaning of Section 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). Courts "deny leave to proceed [as a pauper] when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id.* at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)). Additionally, "[a]llegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past injury that has not recurred, courts deny them leave to proceed [as a pauper]." *Id.* at 330.

The imminent danger exception is available for "genuine emergencies," where "time is pressing." *Lewis v. Sullivan*, 279 F. 3d 526, 531 (7th Cir. 2002). Reynolds's Complaint is devoid of any discussion regarding imminent danger. He does not allege that he faces any imminent danger of physical injury. Instead, his motion for injunctive relief indicates that he wants to be re-classified and transferred to housing which fits with his corrected classification. There is no indication that he faces any danger at his current

institution or because of his current classification. Thus, neither his allegations nor his request for injunctive relief clear the three-strike hurdle.

## Disposition

For these reasons, Reynolds's Motion to Proceed *in Forma Pauperis* (Doc. 5) is **DENIED**. His motion for preliminary injunction (Doc. 6) is also **DENIED**.

**IT IS ORDERED** that Reynolds shall pay the full filing fee of $400.00 for this action on or before **May 5, 2023**. If he fails to comply with this Order in the time allotted by the Court, this case will be dismissed for failure to comply with a court order and/or for failure to prosecute this action. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051, 1056-57 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466, 468 (7th Cir. 1994).

Finally, Reynolds is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED: April 14, 2023

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**