IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MICHAEL CURTIS REYNOLDS,**

    **Plaintiff,**

v.

**UNITED STATES PROBATION OFFICE and USA,**

    **Defendants.**

Case No. 23-cv-867-NJR

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Michael Curtis Reynolds, an inmate of the Federal Bureau of Prisons ("BOP") who is currently incarcerated at Federal Correctional Institution – Greenville ("FCI – Greenville"), brings this action pursuant to the Privacy Act, 5 U.S.C. § 552(a), *et seq*. On April 14, 2023, the Court found that Reynolds had accumulated three "strikes" for purposes of Section 1915(g) and was not allowed to proceed *in forma pauperis* in this case. *See* 28 U.S.C. § 1915(g). Specifically, Reynolds had not shown that he was under imminent danger of serious physical injury that would allow him to proceed without prepayment of fees (Doc. 7, p. 3). He was directed to pay the full filing fee by May 5, 2023, or face dismissal of his Complaint for failure to comply with a court order and/or for failure to prosecute his claims (*Id*. at p. 4).

Instead of paying the filing fee, Reynolds filed the pending motion to reconsider (Doc. 8). Reynolds argues that he could demonstrate he qualified for the "imminent danger" exception but was not given the opportunity prior to the Court's denial (*Id*. at

p. 1). Reynolds argues that because of his improper classification, he is being held at an FCI when he should qualify for CAMP points allowing him to be housed at a facility other than an FCI (*Id.*). He also alleges that he has medical issues, including a recent surgery for a hole in his septum, and Reynolds believes his medical treatment at Greenville amounts to deliberate indifference. In addition to his motion to reconsider, Reynolds recently filed a motion for court order for enforcement of fee collections (Doc. 9) seeking a copy of "each and every case" wherein he has filed a "consent form—*in forma pauperis* proceedings."

### A. Motion to Reconsider

Reynolds's motion is labeled a motion to reconsider. "[W]hether a motion filed within [28] days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the substance of the motion, not on the timing or label affixed to it." *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (emphasis in the original) (citing *Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006) (clarifying that "the former approach-that, no matter what their substance, all post-judgment motions filed within [28] days of judgment would be considered as Rule 59(e) motions – no longer applies")). Nevertheless, a motion to reconsider filed more than 28 days after entry of the challenged order "automatically becomes a Rule 60(b) motion." *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994) (citing *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992)); *see also Talano v. N.W. Med. Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir. 2001).

A motion to alter or amend judgment filed pursuant to Rule 59(e) may only be granted if a movant shows there was a mistake of law or fact or presents newly

discovered evidence that could not have been discovered previously. *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996), *reh'g and suggestion for reh'g en blanc denied, cert. denied*, 519 U.S. 1040; *Deutsch v. Burlington N. R. Co.*, 983 F.2d 741 (7th Cir. 1993). "'[M]anifest error' is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal citations omitted). A movant may not use a Rule 59(e) motion to present evidence that could have been submitted before entry of the judgment. *Obriecht*, 517 F.3d at 494 (citing *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 512 (7th Cir. 2007)).

Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. *McCormick v. City of Chicago,* 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)). Rule 60(b) allows a court "to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Russell v. Delco Remy Div. of Gen. Motors Corp.,* 51 F.3d 746, 749 (7th Cir. 1995). It is also not an appropriate vehicle for rehashing old arguments or for presenting arguments that should have been raised before the court made its decision. *Russell,* 51 F.3d at 749; *Rutledge v. United States,* 230 F.3d 1041, 1052 (7th Cir. 2000).

Reynolds's motion fails under either standard. He argues that he is in imminent danger because he is classified wrong and should be at a lower security facility where there would be less violence and less threat to his safety. For a plaintiff to utilize the

imminent danger exception, "the harm must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past injury that has not recurred, courts deny them leave to proceed [as a pauper]." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). The imminent danger exception is available for "genuine emergencies," where "time is pressing." *Lewis v. Sullivan*, 279 F. 3d 526, 531 (7th Cir. 2002). Instead of a genuine emergency, Reynolds points to a speculative risk that he might face harm because he is housed at a higher security facility. This does not meet the imminent danger exception.

Reynolds also argues that he is currently under the care of Dr. Ahmed. Reynolds alleges that Dr. Ahmed does not have a license, and the care provided to him has amounted to deliberate indifference. He points to recent care he received for a hole in his septum and Dr. Ahmed's failure to abide by CDC guidelines during the Covid-19 pandemic. But Reynolds points to only past issues with his medical care. And he points only to speculative harm that might occur in the future under Dr. Ahmed's care. Further, he points to speculative relief, noting that if his past convictions are re-classified, he might be transferred to another facility and receive care from another provider other than Dr. Ahmed. Reynolds's claims regarding his medical care simply do not meet the "imminent danger" exception.

To the extent that Reynolds argues that the BOP caused his pauper status and that he is actually innocent of the crimes being utilized in his PSR report for sentencing purposes, he fails to demonstrate that those issues free him of the Section 1915(g)

prohibition on proceeding IFP.[1]

Accordingly, the Court finds that Reynolds does not qualify for the imminent danger exception. His motion to reconsider is **DENIED**. The Court resets the deadline to pay the entire filing fee for **June 6, 2023**.

### B. Motion for Court Order for Enforcement of Fee Collections

As mentioned above, in Reynolds's most recent motion (Doc. 9), he seeks a copy of "each and every case" where he filed a "consent from – in forma pauperis proceedings". For BOP inmates, a consent form is issued only if *in forma pauperis* status is granted in a regular civil action.[2] The consent form requires an inmate to give the Bureau authorization to deduct partial filing fees from his or her account at regular intervals as prescribed by statute. In this case, Reynolds was denied *in forma pauperis* status, so no consent form was ever issued (Doc. 7). Reynolds contends in his motion that he has only ever signed two consent forms, but the BOP claims that they have at least six consent forms. The implication is that funds are being deducted from Reynolds's account at a rate greater than he expected.[3] Whatever merit there may be to the facts Reynolds alleges, the

---

[1] The Court notes that Reynolds brought his claims under the Privacy Act, which provides for a private cause of action where an individual may recover monetary damages for a violation. 5 U.S.C. § 552a(g)(1). Reynolds appears to seek to vacate his previous sentence and be resentenced, relief that is not available through the statute under which he filed this case.

[2] A consent form does not issue in a habeas action because an inmate is either required to pay the $5 filing fee, or the fee is waived altogether. Reynolds has 16 habeas matters in this District, but consent forms were not issued in any of those actions, so the present motion was not docketed in those cases.

[3] The Court notes that Reynolds has countless actions in other judicial districts, so he may also need to investigate those matters to determine the source of the consent forms.

deductions are not related to this case, because no consent form was issued. Accordingly, his motion (Doc. 9) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: May 23, 2023**

                                                                             _____
                                                                             **NANCY J. ROSENSTENGEL**
                                                                              **Chief U.S. District Judge**