IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MICHAEL CURTIS REYNOLDS,**

        **Plaintiff,**

v.

**UNITED STATES PROBATION OFFICE and USA,**

        **Defendants.**

Case No. 23-cv-867-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Michael Curtis Reynolds, an inmate of the Federal Bureau of Prisons ("BOP") who is currently incarcerated at Federal Correctional Institution – Greenville ("FCI – Greenville"), brings this action pursuant to the Privacy Act, 5 U.S.C. § 552a, *et seq*. Because Reynolds had more than three cases that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim, and his Complaint did not allege imminent danger, the Court denied his request to proceed *in forma pauperis* (Doc. 5). He was ordered to pay the full filing fee or face dismissal of his claims for failure to comply with a court order and/or for failure to prosecute his case.

On May 10, 2023, Reynolds requested that the Court reconsider its decision (Doc. 8). The Court ultimately denied his request for reconsideration but granted Reynolds additional time, up to and including June 6, 2023, to pay the full filing fee

(Docs. 8, 10). As of this date, Reynolds has failed to pay the filing fee.[1]

The Court will not allow this matter to linger indefinitely. Accordingly, this action is **DISMISSED with prejudice** based on Reynolds's failure to pay the filing fee and failure to prosecute his claims. Fed. R. Civ. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).

If Reynolds wishes to appeal this Order, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. 4(a)(1)(A). If Reynolds does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* Fed. R. App. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999). He must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than 28 days after the entry of judgment, and this 28-day deadline cannot be extended.

---

[1] Although Reynolds has an interlocutory appeal currently pending, the Court is not divested of jurisdiction. *See Staffa v. Pollard,* 597 F. App'x 893, 895 (7th Cir. 2015) (*quoting Wisc. Mut. Ins Co. v. United States*, 441 F. 3d 502, 504 (7th Cir. 2006)). *Also see Kusay v. United States,* 62 F. 3d 192, 194 (7th Cir. 1995) (holding that when a "notice of appeal from an interlocutory order is a frivolous effort to block the normal progress of litigation, the district judge may so certify and continue with the case"). Reynolds has filed a notice of appeal regarding the Court's Order (Doc. 11). His notice of appeal, however, relates solely to his motion (Doc. 9) seeking a copy of each case where a consent form was issued allowing the BOP to take money out of his account to pay initial partial filing fees. His appeal is not related to the denial of his motion to reconsider regarding his ability to proceed *in forma pauperis* in this case. Because Reynolds was ordered to pay the full filing fee prior to proceeding in this case, the BOP deductions described in his motion (Doc. 9) are unrelated to this case. No consent form was issued in this case and Reynolds never paid any of the filing fee in this case. Thus, the Court finds that the dismissal of this case is proper.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** **June 12, 2023**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**